IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Damon Mikell Kindell, ) | |
| ) | CA No. 4:12-30-TMC |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Orangeburg-Calhoun Regional Detention Center ) | |
| Medical Staff; Nurse Weber; Correctional Officer ) | |
| Haywood; and Officer Tyler, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Damon Mikell Kindell (Kindell), a local prisoner in the Orangeburg-Calhoun Regional Detention Center (OCRDC), filed this action against the defendants pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights by the defendants. (Dkt. No. 1.) This matter is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina. The Report recommends[1] dismissing the complaint without prejudice and without issuance and service of process. (Dkt. No. 14.) The court adopts the Report and dismisses the complaint without prejudice and without issuance and service of process.[2]

---

[1]  The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2]  The court notes that Kendell's complaint only names "Orangeburg-Calhoun Regional Detention Center/Medical Staff" as the defendant. However, it is clear from the body of the complaint that he is attempting to assert § 1983 claims against Nurse Weber, Correctional Officer Haywood, and Officer Tyler. In accordance with this court's responsibility to accord liberal construction to a *pro se* plaintiff's pleadings, the court will address his allegations on the merits. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (stating that a pro se litigant's pleadings should be

The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Report here. Briefly, in the complaint, Kindell alleges that OCRDC staff, namely Nurse Weber, Correctional Officer Haywood, and Officer Tyler, were deliberately indifferent to his medical needs. Kindell alleges that his had was severely injured, and he underwent surgery to repair that injury. Subsequently, he was arrested and incarcerated at OCRDC, the day before a follow-up appointment with a physician. He alleges that his physician requested that he be allowed physical therapy, which was denied by the defendants.[3]

The Report was filed March 8, 2012. In the Report, the magistrate judge recommended dismissing the case without prejudice and without issuance and service of process for failure to state a claim upon which relief could be granted against the individual defendants.[4] Kindell timely filed objections to the Report. (Dkt. No. 16.) In his objections, Kindell objects to finding that the defendants were not deliberately indifferent to his medical needs. The court finds this objection unpersuasive.

As the magistrate judge noted, deliberate indifference to an incarcerated individual's serious medical needs is actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976); *see also Martin v. Gentile*, 849 F.2d 863, 866 (4th Cir. 1988) (holding that the denial of medical care to inmates by state officials can give rise to due process claims under the Fourteenth

---

accorded a liberal construction and held to a less stringent standard than those drafted by lawyers).

[3] The court notes that the plaintiff's pleadings do indicate that he received treatment from an occupational therapist. The court further notes that, according to Kindell's pleadings, he received regular visits with his physician in regards to his hand injury prior to receiving weekly physical therapy treatments beginning less than four months after his initial incarceration.

[4] The magistrate judge also recommended dismissing the case for failure to name an actual person as a defendant in the case. The magistrate judge, however, nonetheless addressed the case on the merits to the extent that he intended to assert claims against Weber, Haywood, and Tyler. As stated above, the court has liberally construed the complaint to assert claims against these individuals and will therefore address the claims on the merits.

Amendment). To establish a claim under the Fourteenth Amendment for deliberate indifference, an incarcerated individual must establish that (1) a seriously sufficient deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities;" and (2) the prison official had a sufficiently culpable state of mind. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the second prong, the incarcerated individual must show that the prison official's state of mind was deliberate indifference to the individual's health and safety. *Id*. If an official has actual knowledge of a substantial risk of harm to a prisoner and disregards that substantial risk, then he is deliberately indifferent. *Id*. at 847. The official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837.

Furthermore, to establish deliberate indifference, the treatment or lack thereof "must be so grossly incompetent, inadequate or excessive as to shock the conscience or be intolerable to fundamental fairness." *Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990). Negligence, malpractice, and incorrect diagnoses are not actionable under § 1983. *Estelle*, 429 U.S. at 106; *see also id.* at 104–05 (stating that failure of prison staff to take an inmate to an outside medical provider as often as the inmate would like does not rise to a constitutional violation if mere negligence or malpractice occurs, not resulting in unnecessary and wanton infliction of pain). Additionally, a prisoner's disagreement as to the appropriate treatment fails to rise to the level of a constitutional claim and fails to create a genuine issue of material fact. *Nelson v. Shuffman*, 603 F.3d 439, 449 (8th Cir. 2010) (stating that a "prisoner's mere difference of opinion over . . . a course of medical treatment fail[s] to rise to the level of a constitutional violation"); *see also Dulany v. Carnahan*, 132 F.3d 1234, 1240 (8th Cir. 1997) (stating that if medical records indicate adequate treatment, "an inmate cannot create a question of fact by merely stating that she did not

feel she received adequate treatment"); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (stating that a prisoner is entitled to medical care, not the treatment of his choice).

Here, Kindell fails to set forth a plausible claim of deliberate indifference. He fails to show that a seriously sufficient deprivation occurred, resulting "in the denial of the minimal civilized measure of life's necessities." *Farmer*, 511 U.S. at 834. Further, the actions taken by the defendants are not "so grossly incompetent, inadequate, or excessive as to shock the conscience or be intolerable to fundamental fairness." *Miltier*, 896 F.2d at 851. According to Kindell's own statements, he had no fewer than five physician's visits during the time in question, along with some number of occupational therapy sessions. While this level of treatment may not have been what Kindell desired, it fails to shock the conscience as grossly inadequate. Additionally, Kindell has failed to demonstrate in any way that the defendants had a sufficiently culpable state of mind. *Farmer,* 511 U.S. at 834. Accordingly, the court finds Kindell's objections unpersuasive.

After a thorough review of the Report and the record in this case, the court adopts the Report and incorporates it herein. (Dkt. No. 14.) It is therefore **ORDERED** that the complaint is **DISMISSED** without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

s/Timothy M. Cain
Timothy M. Cain
United States District Judge

Greenville, South Carolina
April 10, 2012

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.